IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ORACLE AMERICA, INC.,**

    Plaintiff,

v.                                             Case No. _____

**LODSYS, LLC, and**

**LODSYS GROUP, LLC**

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT
(JURY TRIAL DEMANDED)**

Plaintiff Oracle America, Inc. ("Oracle ") hereby files this Complaint for Declaratory Judgment against Lodsys, LLC and Lodsys Group, LLC (collectively, "Defendants" or "Lodsys") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of noninfringement and invalidity of four United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.

1

# THE PARTIES

2. Plaintiff Oracle America, Inc. is a corporation organized and existing under the laws of State of Delaware and having a its principal place of business at 500 Oracle Parkway, Redwood City, California 94065, and is doing business in this district.

3. On information and belief, Lodsys LLC is a limited liability company organized and existing under the laws of the State of Texas and claims to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670. The Texas Secretary of State lists the corporate address of Lodsys, LLC as 800 Brazos, Suite 400, Austin, Texas 78701.

4. On information and belief, Lodsys Group, LLC is a limited liability company organized and existing under the laws of the State of Texas and claims to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670, the same address as Lodsys, LLC. The Texas Secretary of State lists the corporate address of Lodsys Group, LLC as 800 Brazos, Suite 400, Austin, Texas 78701, the same address as that listed for Lodsys, LLC. Together, Lodsys, LLC and Lodsys Group, LLC claim to have all rights and title to the Patents-in-Suit (as defined hereinbelow).

5. On information and belief, Lodsys, LLC and Lodsys Group, LLC are alter egos of each other and/or Lodsys Group, LLC is a mere continuation of Lodsys, LLC, and Lodsys Group, LLC is otherwise liable fully for, and liable as if it were the same as, Lodsys, LLC. On information and belief, Mark Small is the Chief Executive Officer of both Lodsys, LLC and Lodsys Group, LLC, is an employee of both Lodsys, LLC and Lodsys Group, LLC, resides and maintains his residence within this judicial district, and conducts Lodsys' business from an office located in Oconomowoc, Wisconsin in this judicial district.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. Upon information and belief, this Court has personal jurisdiction over Lodsys because Mr. Small resides within, and conducts Lodsys' business related to licensing and enforcement of the patents-in-suit, including licensing and enforcement actions directed at Oracle customers, from his location within this judicial district.

8. Oracle develops and licenses a suite of e-commerce enhancement software which Oracle provides, typically on a software-as-a-service basis, through servers that Oracle owns or controls ("Web Commerce Products"). The Web Commerce Products, including Oracle Live Help Chat on Demand ("Chat") and Oracle Contact on Demand ("COD"), are products, that enhance the websites of Oracle's customers by providing features such as chat sessions between website visitors and customer service representatives associated with such websites. The Web Commerce Products are separate and distinct from a suite of customer experience software provided by Oracle subsidiary RightNow Technologies, Inc. (the "CRM Products") that are the subject of a separate declaratory judgment lawsuit pending before this Court. The Web Commerce products include products that were formerly marketed by Art Technology Group, Inc. prior to its acquisition by Oracle, and by InstantService.com, Inc. prior to its acquisition by Art Technology Group, Inc., and by eStara. Inc., prior to its acquisition by Art Technology Group, Inc., and products developed internally by Oracle.

3

9. Lodsys purports to own rights in four United States Patents: U.S. Patent No. 5,999,908 ("the '908 patent"), U.S. Patent No. 7,133,834 ("the '834 patent"), U.S. Patent No. 7,222,078 ("the '078 patent") and U.S. Patent No. 7,620,565 ("the '565 patent") (collectively the "Patents-in-Suit").

10. Lodsys did not invent the technology claimed in the Patents-in-Suit. Instead, Lodsys claims to have acquired the Patents-in-Suit from a non-practicing entity, Webvention, LLC, and now seeks to extract royalties by demanding that Oracle's customers, or Oracle, take a license under the Patents-in-Suit.

11. On information and belief, Lodsys is a patent holding company that does not practice any of the Patents-in-Suit but attempts to obtain licensing revenues in connection with its assertions of those patents.

12. Through communications and conduct, Lodsys has repeatedly threatened numerous Oracle customers with assertion of the Patents-in-Suit against Oracle's Web Commerce Products. For example, since early 2011 and continuing until shortly before the filing of this Complaint, Lodsys has sent notice of infringement letters ("Notice Letters") to dozens of Oracle's customers bearing the heading "Re: Infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078 and 7,620,565 (Abelow)." These Notice Letters define the term "Lodsys Patents" as including all four of the Patent-in-Suit and state that "[w]e have reviewed your use of the Lodsys Patent[s] and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys Patents." One or more claim charts purporting to establish infringement of one or more of the Patents-in-Suit is included with the Notice Letters. The claim charts, through screen shots of the customer's website, identify Oracle products as the alledly infringing functionality. These Notice Letters also included

4

offers to license the Patents-in-Suit.

13. Some of the threatened Oracle customers, including Walgreen Co., Recreational Equipment, Inc. and Epicor, Inc. were recently named as defendants in lawsuits brought by Lodsys in the United States District Court for the Eastern District of Texas on May 10, 2012, confirming Lodsys' ability and willingness to file suit.

14. Lodsys has not yet sued most of the threatened Oracle customers for infringement of the Patents-in-Suit, in this Court or elsewhere. However, several factors, including the imminent expiration of the Patents-in-Suit on August 6, 2012, the high number of Oracle customers who have received Lodsys Notice Letters, and the fact that, since the filing of the aforementioned lawsuits, Lodsys continues to send Notice Letters to additional Oracle customers, to follow-up via e-mail and telephone calls with many Oracle customers and threatens to bring suit if the customer does not obtain a license, provide a reasonable basis for Oracle to believe that Lodsys intends to file additional suits against Oracle customers for infringement of the Patents-in-Suit.

15. As a result of the Notice Letters and aforementioned lawsuits, many of the threatened Oracle customers have asserted that Oracle is obligated to indemnify them with respect to the Patents-in-Suit.

16. Lodsys is not entitled to any royalties from Oracle or any of its customers, nor does Oracle or any of its customers need a license to the Patents-in-Suit. Oracle, its customers and the end users of the Oracle customers' websites have not infringed, and do not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

17. Lodsys' conduct creates a substantial controversy between Oracle and Lodsys of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PATENTS

18. U.S. Patent No. 5,999,908 ("the '908 patent") is entitled "Customer-Based Product Design Module" and bears an issuance date of December 7, 1999. A true and correct copy of the '908 patent is attached hereto as Exhibit A.

19. U.S. Patent No. 7,133,834 ("the '834 patent") is entitled "Product Value Information Interchange Server" and bears an issuance date of November 7, 2006. A true and correct copy of the '834 patent is attached hereto as Exhibit B.

20. U.S. Patent No. 7,222,078 ("the '078 patent") is entitled "Methods and System for Gathering Information from Units of a Commodity" and bears an issuance date of May 22, 2007. A true and correct copy of the '078 patent is attached hereto as Exhibit C.

21. U.S. Patent No. 7,620,565 ("the '565 patent") is entitled "Customer-Based Product Design Module" and bears an issuance date of November 17, 2009. A true and correct copy of the '565 patent is attached hereto as Exhibit D.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '908 Patent)**

22. Oracle realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Oracle, its customers, and the end users of the Oracle customers' websites have not infringed, and do not infringe, directly or indirectly any valid and enforceable claim of the '908 patent in connection with any Web Commerce Products, including but not limited to the Chat and COD products.

24. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '908 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '834 Patent)

26. Oracle realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 as though fully set forth herein.

27. Oracle, its customers, and the end users of the Oracle customers' websites have not infringed, and do not infringe, directly or indirectly, any valid and enforceable claim of the '834 patent in connection with any Web Commerce Products, including but not limited to the Chat and COD products.

28. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '834 patent.

### THIRD CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '078 Patent)**

30. Oracle realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 as though fully set forth herein.

31. Oracle, its customers, and the end users of the Oracle customers' websites have not infringed, and do not infringe, directly or indirectly any valid and enforceable claim of the '078 patent in connection with the Web Commerce Products, including but not limited to the Chat and COD products.

32. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '078 patent.

### FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '565 Patent)**

34. Oracle realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33 as though fully set forth herein.

35. Oracle, its customers, and the end users of the Oracle customers' websites have not infringed, and do not infringe, directly or indirectly any valid and enforceable claim of the '565 patent in connection with any Web Commerce Products, including but not limited to the Chat and COD products.

36. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a

8

EAST\48541706.7
Case 2:12-cv-00550-CNC   Filed 06/01/12   Page 8 of 16   Document 1

declaratory judgment.

37.     A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '565 patent.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '908 Patent)

38.     Oracle realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

39.     Claims 1-37 of the '908 patent are invalid for failure to meet the conditions of patentability of, and to otherwise comply with, one or more provisions of 35 U.S.C. §§ 100 et seq., 101, 102, 103 and 112.  At a minimum, the claims of the '908 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art in view of Lodsys' apparent application of the claims of that patent: U.S. Patent No. 4,245,245 ("Matsumoto"), U.S. Patent No. 4,546,382 ("McKenna"), U.S. Patent No. 4,345,315 ("Cadotte"), U.S. Patent No. 4,567,359 ("Lockwood"), U.S. Patent No. 4,689,619 ("O'Brien, Jr."), U.S. Patent No. 4,740,890 ("William"), U.S. Patent No. 4,816,904 ("McKenna"), U.S. Patent No. 4,829,558 ("Welsh"), U.S. Patent No. 4,862,268 ("Campbell"), U.S. Patent No. 4,893,248 ("Pitts"), U.S. Patent No. 4,973,952 ("Malec"), U.S. Patent No. 4,912,552 ("Allison, III"), U.S. Patent No. 4,992,940 ("Dworkin"), U.S. Patent No. 5,001,554 ("Johnson"), U.S. Patent No. 5,003,384 ("Durden"), U.S. Patent No. 5,029,099 ("Goodman"), U.S. Patent No. 5,036,479 ("Prednis"), U.S. Patent No. 5,056,019 ("Schultz"), U.S. Patent No. 5,065,338 ("Phillips"), U.S. Patent No. 5,077,582 ("Kravette"), U.S. Patent No. 5,083,271 ("Thacher"), U.S. Patent No. 5,117,354 ("Long"), U.S. Patent No. 5,138,377 ("Smith"), U.S. Patent No. 5,207,784 ("Schwartzendruber"), U.S. Patent No. 5,237,157 ("Kaplan"), U.S. Patent No. 5,282,127 ("Mii"), U.S. Patent No. 5,283,734 ("Von

9

Kohorn"), U.S. Patent No. 5,291,416 ("Hutchins"), U.S. Patent No. 5,335,048 ("Takano"), U.S. Patent No. 5,347,449 ("Meyer"), U.S. Patent No. 5,347,632 ("Filepp"), U.S. Patent No. 5,477,262 ("Banker"), U.S. Patent No. 5,496,175 ("Oyama"), U.S. Patent No. 5,740,035 ("Cohen"), U.S. Patent No. 5,956,505 ("Manduley"), JP H2-65556 ("Kita"), JP-03-064286-A ("Garza"), JP H3-80662 ("Ukegawa"), JP S60-200366 ("Tanaka"), and JP S62-280771 ("Furukawa"). These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

40. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '908 patent.

### SIXTH CLAIM FOR RELIEF
**(Declaratory Judgment of Invalidity of the '834 Patent)**

42. Oracle realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

43. Claims 1-22 of the '834 patent are invalid for failure to meet the conditions of patentability of, and to otherwise comply with, one or more provisions of 35 U.S.C. §§ 100 et seq., 101, 102, 103 and 112. At a minimum, the claims of the '834 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art in view of Lodsys' apparent application of the claims of that patent: U.S. Patent No. 4,245,245 ("Matsumoto"), U.S. Patent No. 4,546,382 ("McKenna"), U.S. Patent No. 4,345,315 ("Cadotte"), U.S. Patent No. 4,567,359 ("Lockwood"), U.S. Patent No. 4,689,619 ("O'Brien, Jr."), U.S. Patent No. 4,740,890

10

("William"), U.S. Patent No. 4,816,904 ("McKenna"), U.S. Patent No. 4,829,558 ("Welsh"), U.S. Patent No. 4,862,268 ("Campbell"), U.S. Patent No. 4,893,248 ("Pitts"), U.S. Patent No. 4,973,952 ("Malec"), U.S. Patent No. 4,912,552 ("Allison, III"), U.S. Patent No. 4,992,940 ("Dworkin"), U.S. Patent No. 5,001,554 ("Johnson"), U.S. Patent No. 5,003,384 ("Durden"), U.S. Patent No. 5,029,099 ("Goodman"), U.S. Patent No. 5,036,479 ("Prednis"), U.S. Patent No. 5,056,019 ("Schultz"), U.S. Patent No. 5,065,338 ("Phillips"), U.S. Patent No. 5,077,582 ("Kravette"), U.S. Patent No. 5,083,271 ("Thacher"), U.S. Patent No. 5,117,354 ("Long"), U.S. Patent No. 5,138,377 ("Smith"), U.S. Patent No. 5,207,784 ("Schwartzendruber"), U.S. Patent No. 5,237,157 ("Kaplan"), U.S. Patent No. 5,282,127 ("Mii"), U.S. Patent No. 5,283,734 ("Von Kohorn"), U.S. Patent No. 5,291,416 ("Hutchins"), U.S. Patent No. 5,335,048 ("Takano"), U.S. Patent No. 5,347,449 ("Meyer"), U.S. Patent No. 5,347,632 ("Filepp"), U.S. Patent No. 5,477,262 ("Banker"), U.S. Patent No. 5,496,175 ("Oyama"), U.S. Patent No. 5,740,035 ("Cohen"), U.S. Patent No. 5,956,505 ("Manduley"), JP H2-65556 ("Kita"), JP-03-064286-A ("Garza"), JP H3-80662 ("Ukegawa"), JP S60-200366 ("Tanaka"), and JP S62-280771 ("Furukawa"). These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

44. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '834 patent.

11

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '078 Patent)

46. Oracle realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

47. Claims 1-67 of the '078 patent are invalid for failure to meet the conditions of patentability of, and to otherwise comply with, one or more provisions of 35 U.S.C. §§ 100 et seq., 101, 102, 103 and 112. At a minimum, the claims of the '078 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art in view of Lodsys' apparent application of the claims of that patent: U.S. Patent No. 4,245,245 ("Matsumoto"), U.S. Patent No. 4,546,382 ("McKenna"), U.S. Patent No. 4,345,315 ("Cadotte"), U.S. Patent No. 4,567,359 ("Lockwood"), U.S. Patent No. 4,689,619 ("O'Brien, Jr."), U.S. Patent No. 4,740,890 ("William"), U.S. Patent No. 4,816,904 ("McKenna"), U.S. Patent No. 4,829,558 ("Welsh"), U.S. Patent No. 4,862,268 ("Campbell"), U.S. Patent No. 4,893,248 ("Pitts"), U.S. Patent No. 4,973,952 ("Malec"), U.S. Patent No. 4,912,552 ("Allison, III"), U.S. Patent No. 4,992,940 ("Dworkin"), U.S. Patent No. 5,001,554 ("Johnson"), U.S. Patent No. 5,003,384 ("Durden"), U.S. Patent No. 5,029,099 ("Goodman"), U.S. Patent No. 5,036,479 ("Prednis"), U.S. Patent No. 5,056,019 ("Schultz"), U.S. Patent No. 5,065,338 ("Phillips"), U.S. Patent No. 5,077,582 ("Kravette"), U.S. Patent No. 5,083,271 ("Thacher"), U.S. Patent No. 5,117,354 ("Long"), U.S. Patent No. 5,138,377 ("Smith"), U.S. Patent No. 5,207,784 ("Schwartzendruber"), U.S. Patent No. 5,237,157 ("Kaplan"), U.S. Patent No. 5,282,127 ("Mii"), U.S. Patent No. 5,283,734 ("Von Kohorn"), U.S. Patent No. 5,291,416 ("Hutchins"), U.S. Patent No. 5,335,048 ("Takano"), U.S. Patent No. 5,347,449 ("Meyer"), U.S. Patent No. 5,347,632 ("Filepp"), U.S. Patent No. 5,477,262 ("Banker"), U.S. Patent No. 5,496,175 ("Oyama"), U.S. Patent No. 5,740,035 ("Cohen"), U.S. Patent No. 5,956,505 ("Manduley"), JP H2-65556 ("Kita"), JP-03-064286-A

("Garza"), JP H3-80662 ("Ukegawa"), JP S60-200366 ("Tanaka"), and JP S62-280771 ("Furukawa"). These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

48. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '078 patent.

**EIGHTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the '565 Patent)**

50. Oracle realleges and incorporates by reference herein each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

51. Claims 1-32 of the '565 patent are invalid for failure to meet the conditions of patentability of, and to otherwise comply with, one or more provisions of 35 U.S.C. §§ 100 et seq., 101, 102, 103 and 112. At a minimum, the claims of the '565 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art in view of Lodsys' apparent application of the claims of that patent: U.S. Patent No. 4,245,245 ("Matsumoto"), U.S. Patent No. 4,546,382 ("McKenna"), U.S. Patent No. 4,345,315 ("Cadotte"), U.S. Patent No. 4,567,359 ("Lockwood"), U.S. Patent No. 4,689,619 ("O'Brien, Jr."), U.S. Patent No. 4,740,890 ("William"), U.S. Patent No. 4,816,904 ("McKenna"), U.S. Patent No. 4,829,558 ("Welsh"), U.S. Patent No. 4,862,268 ("Campbell"), U.S. Patent No. 4,893,248 ("Pitts"), U.S. Patent No. 4,973,952 ("Malec"), U.S. Patent No. 4,912,552 ("Allison, III"), U.S. Patent No. 4,992,940 ("Dworkin"), U.S. Patent No. 5,001,554 ("Johnson"), U.S. Patent No. 5,003,384 ("Durden"),

U.S. Patent No. 5,029,099 ("Goodman"), U.S. Patent No. 5,036,479 ("Prednis"), U.S. Patent No. 5,056,019 ("Schultz"), U.S. Patent No. 5,065,338 ("Phillips"), U.S. Patent No. 5,077,582 ("Kravette"), U.S. Patent No. 5,083,271 ("Thacher"), U.S. Patent No. 5,117,354 ("Long"), U.S. Patent No. 5,138,377 ("Smith"), U.S. Patent No. 5,207,784 ("Schwartzendruber"), U.S. Patent No. 5,237,157 ("Kaplan"), U.S. Patent No. 5,282,127 ("Mii"), U.S. Patent No. 5,283,734 ("Von Kohorn"), U.S. Patent No. 5,291,416 ("Hutchins"), U.S. Patent No. 5,335,048 ("Takano"), U.S. Patent No. 5,347,449 ("Meyer"), U.S. Patent No. 5,347,632 ("Filepp"), U.S. Patent No. 5,477,262 ("Banker"), U.S. Patent No. 5,496,175 ("Oyama"), U.S. Patent No. 5,740,035 ("Cohen"), U.S. Patent No. 5,956,505 ("Manduley"), JP H2-65556 ("Kita"), JP-03-064286-A ("Garza"), JP H3-80662 ("Ukegawa"), JP S60-200366 ("Tanaka"), and JP S62-280771 ("Furukawa"). These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

52. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53. A judicial declaration is necessary and appropriate so that Oracle and its customers may ascertain their rights regarding the '565 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Oracle respectfully requests that judgment be entered in favor of Oracle and prays that the Court grant the following relief:

1. A declaration that Oracle, its customers, and the end users of the Oracle customers' websites have not infringed, either directly or indirectly, literally or under the

14

doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit;

2. A declaration that one or more of the Patents-in-Suit is invalid for failing to meet the conditions of patentability required by 35 U.S.C. §§ 100, et seq., 101, 102, 103 and 112;

3. An order declaring that Oracle is a prevailing party and that this is an exceptional case, and awarding Oracle its costs, expenses, disbursements and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated: June 1, 2012

Respectfully Submitted,

By: *s/* Michael J. Hanrahan
Michael J. Hanrahan
mjhanrahan@foslaw.com Fox,
O'Neill & Shannon, S.C. 622
North Water Street, #500
Milwaukee, WI 53202
Telephone: 414-273-3939
Fax: 414-273-3947

Mark Fowler
mark.fowler@dlapiper.com
DLA Piper LLP US
2000 University Avenue
East Palo Alto, CA 94303-2215
Phone: (650) 833-2000
Fax: (650) 833-2001

James M. Heintz
jim.heintz@dlapiper.com
DLA Piper LLP US
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, VA 20190-5602
Telephone: 703-773-4148
Fax: 703-773-5200

Kathryn Riley Grasso
kathryn.riley@dlapiper.com
DLA Piper LLP US
401 B Street
Suite 1700
San Diego, CA 92101-4297
Phone: (619) 699-2700
Fax: (619) 699-2701

*Attorneys for Plaintiffs*
*Oracle Corp. and Oracle America, Inc.*